UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHARLES THOMAS, INDIVIDUALLY | * | CIVIL ACTION |
| AND ON BEHALF OF CHARLES THOMAS | * | |
| INSURANCE AGENCY, L.L.C. | * | NO. 13-6043 |
| | * | |
| VERSUS | * | SECTION "L" (5) |
| | * | |
| ALLSTATE INSURANCE COMPANY, ET AL. | * | |

ORDER AND REASONS

Because the Court finds that complete diversity does not exist, this case is remanded to

state court.

I.     BACKGROUND

This case arises out of an alleged breach of an "Allstate R3001S exclusive Agency

Agreement."  According to Plaintiff Charles Thomas, on March 28, 2011 he received a letter

from Defendant Bob Duhe, the Territorial Sales Leader for Defendant Allstate, notifying him

that the Agency Agreement would be terminated on July 1, 2011.  Thomas claims that he elected

to "retain his flood policies and expected pursuant to said letter, to continue to receive

commission on said policies." (Rec. Doc. 1-3 at 2).  Thomas brought the present lawsuit in the

Civil District Court for the Parish of Orleans against Allstate, Duhe, and an unnamed Agency

Specialist working for Allstate.  Thomas alleges that Allstate and/or Duhe caused him to not

receive the commissions that he was entitled to.  Thomas also claims that Allstate, Duhe, and/or

the unnamed Agency Specialist engaged in fraud and deceit by telling his policyholders that he

was no longer available to service their flood insurance policies.  Further, Thomas alleges that

these three Defendants directed his former clients to other Allstate agents.  (Rec. Doc. 1-3 at 2).

Thomas also alleges that Defendants acted in violation of the "Unfair Trade provision of

1

Louisiana law." (Rec. Doc. 1-3 at 2).

On October 4, 2013, Allstate removed the case to this Court. Allstate claims that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because "[t]here is complete diversity of citizenship as to all properly joined parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs." (Rec. Doc. 1 at 2). Allstate admits that "Duhe is a citizen of the State of Louisiana." (Rec. Doc. 1 at 3). However, Allstate claims that Duhe's presence in the lawsuit does not defeat diversity jurisdiction because he was improperly joined to the case and, therefore, can be ignored. (Rec. Doc. 1 at 3).

## II.      JURISDICTION

This Court, like all federal courts, is a court of limited jurisdiction and, therefore, has a "constitutional obligation to satisfy [itself] that subject matter jurisdiction is proper." *Ziegler v. Champion Mortg. Co.*, 913 F.2d 228, 229 (5th Cir. 1990). Accordingly, even though Plaintiff has not filed a motion to remand, the present case must be remanded if this Court finds that subject matter jurisdiction does not exist. *Id.*; *see also* 28 U.S.C. § 1447(c) (If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.). Furthermore, any doubts or ambiguities should be resolved *against* federal jurisdiction. *See Auna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) ("doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction"). The burden is on the party invoking federal jurisdiction to plead a basis for such jurisdiction. *See B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). In this case, that party is Allstate.

In its notice of removal, Allstate claims that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. That section provides "[t]he district courts shall have original jurisdiction of all

civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States ….” 28 U.S.C. § 1332(a). “From time immemorial, the Supreme Court has interpreted diversity jurisdiction to require that no party be a citizen of the same state as any opposing party.” *Ziegler*, 913 F.2d at 229 (5th Cir. 1990) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)).  This is known as complete diversity. *Id.*

In the present case, Thomas filed a complaint in state court against Allstate, Duhe, and an unnamed Agency Specialist.  Allstate admits that Plaintiff Thomas and Defendant Duhe are both citizens of Louisiana.  (Rec. Doc. 1 at 1, 3).  However, Allstate urges this Court to ignore Duhe's citizenship for the purposes of diversity jurisdiction because he has been fraudulently joined. The Court disagrees.

When a case is removed to federal court, the removing party has the burden of proving that the court has jurisdiction to hear the claim.  *See e.g.*, *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).  The Fifth Circuit has explained that "[t]he burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one."  *Miller Brewing Co.*, 663 F.2d at 550; *see also Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983) ("The burden of proving fraudulent joinder is a heavy one.").  If the removing party alleges jurisdiction on the basis that non-diverse parties have been fraudulently joined, then the removing party must show "either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts."  *Id.* at 549 (citing *Keating v. Shell Chemical Company*, 610 F.2d 328 (5th Cir. 1980)).

The Court of Appeals for the Fifth Circuit has explained that courts can look to evidence

outside the pleadings to establish fraudulent joinder.  *See Badon v. R J R Nabisco, Inc.*, 224 F.3d

382, 289 (5th Cir. 2000) ("Ever since a time many years prior to 1988 we have consistently

recognized that diversity removal may be based on evidence outside the pleadings to establish

that the plaintiff has no possibility of recovery on the claim or claims asserted against the named

resident defendant and that hence such defendant is fraudulently joined and his citizenship must

be disregarded for jurisdictional purpose.").  The court should proceed in a similar fashion as

when dealing with a motion for summary judgment.  *Jernigan*, 989 F.2d at 816.  In *B., Inc. v.*

*Miller Brewing Company*, the Fifth Circuit provided a detailed explanation of how a district

court should analyze an allegation of fraudulent joinder.  *See* 663 F.2d at 549-50.  The Fifth

Circuit stated:

> In support of their removal petition, the defendants may
> submit affidavits and deposition transcripts; and in support of their
> motion for remand, the plaintiff may submit affidavits and
> deposition transcripts along with the factual allegations contained
> in the verified complaint.  The district court must then evaluate all
> of the factual allegations in the light most favorable to the plaintiff,
> resolving all contested issues of substantive fact in favor of
> plaintiff.  Moreover, the district court must resolve any
> uncertainties as to the current state of controlling substantive law
> in favor of plaintiff.
>    If, having assumed all of the facts set forth by the plaintiff
> to be true and having resolved all uncertainties as to state
> substantive law against the defendants, the district court should
> find that there is no possibility of a valid cause of action being set
> forth against the in-state defendant(s), only then can it be said that
> there has been a "fraudulent joinder."  However, if there is even a
> possibility that a state court would find a cause of action stated
> against any one of the named in-state defendants on the facts
> alleged by the plaintiff, then the federal court must find that the in-
> state defendant(s) have been properly joined, that there is
> incomplete diversity, and that the case must be remanded to state
> court.

*Id.* at 549-50 (citations omitted).  The court also explained that there "should be no need for an

evidentiary hearing."  *Id.* at 551.

In the present case, Allstate claims that there is no reasonable possibility of recovery against Duhe under Louisiana law.  According to Allstate, an agent of a known principal cannot be found personally liable "'unless the agent personally binds himself or exceeds his authority.'" (Rec. Doc. 1 at 5-6) (quoting *Jones v. State Farm General Insurance Co.*, 2007 WL 1428705 at * 3 (E.D. La. May 11, 2007)).  Allstate claims that Federal courts have applied this rule and "found improper joinder of insurance agents and adjusters where an individual employee is not alleged to have exceeded his authority, personally bound himself or made any misrepresentation about the company's position."  (Rec. Doc. 1 at 4) (citing *Ragas v. Tarleton*, 2006 WL 2925448 at *3-4 (E.D. La. Oct. 10, 2006); *Edwards v. Allstate Prop. & Cas. Co.*, No. 04-2434, 2005 WL 221560 (E.D. La. Jan. 27, 2005); *Kimball v. Modern Woodmen of Am.*, 939 F. Supp. 479 (M.D. La. 1996)).  Allstate claims that "Plaintiff does not allege that Duhe exceeded his power, personally bound himself, or misrepresented the position of Allstate."  (Rec. Doc. 1 at 5).  Accordingly, Allstate argues that Plaintiff will be unable to recover against Duhe and, therefore, he has been fraudulently joined.  (Rec. Doc. 1 at 5).

All of the cases that Allstate cites involve lawsuits brought by the insured against the insurer and the insurer's agent.  Furthermore, Allstate's characterization of the holdings in those cases is not entirely accurate.  In *Edwards v. Allstate Property and Casualty Company*, the defendant made a similar argument as the one that Allstate makes here.  The defendant argued that the plaintiff's fraud claim was in actuality a "cause of action against [the adjuster] for the processing and handling of an insurance claim," which could not serve as the basis for individual personal liability of the adjuster.  No. 04-2434, 2005 WL 221560 at *2.  This Court disagreed with defendant's characterization of the plaintiff's claim.  The Court stated that "[t]his suit is not merely for the processing and handling of an insurance claim, but for an alleged fraudulent

corporate scheme on the part of Allstate and [the adjuster's] participation in this scheme …." *Id.* at \*3.  The Court explained that "Louisiana courts and federal courts applying Louisiana law have recognized that, as a general rule, no cause of action lies against an insurance adjuster for processing and handling of an insurance claim." *Id.*  However, the Court recognized that "an adjuster under certain circumstances can be liable for a tort, specifically fraud." *Id.*  The Court ultimately concluded that those circumstances were not present in that case because "[t]he requisite scienter requirement needed for a claim of fraud or fraudulent misrepresentation [was] absent." *Id.*

Significantly, the present case does not involve a lawsuit brought by an insured plaintiff against the insurer and the insurer's agent who was responsible for selling or processing his policy.  Instead, Thomas is an insurance agent himself, who claims to have entered into an Agency Agreement with Allstate.  He brought the present lawsuit against Allstate as well as the Territorial Sales Leader for Allstate, his former supervisor Duhe.  For this reason, the analysis in other insurance cases involving the agency relationship between an insurance agent and an insurance company is not entirely applicable here.  Furthermore, assuming that all of Thomas' factual allegations are true, it cannot be said that there is no reasonable possibility that his cause of action against Duhe will be valid in state court.  Louisiana Civil Code article 1953 provides that "Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other."  In his complaint, Thomas alleges:

VI.

Due to the actions of defendants, Allstate Insurance Agency and/or its Territorial Sales Manager, Bob Duhe, plaintiff has not received any commissions due him on any of his retained flood policies.

6

VII.

Upon information and belief, Allstate Insurance Company, its Territorial Sales Manager and/or its Agency Specialist have engaged in fraud and deceit by notifying plaintiff's flood policyholder that he nor his agency was available to service their flood insurance policy.

VIII.

Upon information and belief, the aforementioned defendants were also directing former clients and flood policyholder to other Allstate Insurance Agents or Agencies.

(Rec. Doc. 1-3 at 2).  If Duhe called Thomas' clients and falsely informed them that Thomas was no longer available to service their policies, when in fact he was still available, this could form the basis of a valid cause of action for fraud under Louisiana law.  Furthermore, assuming that Duhe really did take part in fraud, it is possible, and even probable, that he did not do so as an agent of Allstate, but instead that he exceeded his authority.  There is a reasonable basis for this Court to predict that the state law might impose liability on Duhe based on the facts alleged.  Accordingly, Duhe has not been fraudulently joined.

III.    **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that this case is **REMANDED** to state court.

New Orleans, Louisiana, this 28th day of March, 2014.

_____
UNITED STATES DISTRICT COURT JUDGE

7